UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **GERALD NEEDHAM** | **CIVIL ACTION NO. 12-961-P** |
| **VERSUS** | **JUDGE STAGG** |
| **BOSSIER PARISH POLICE DEPARTMENT, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Gerald Needham ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on April 20, 2012. Plaintiff names the Bossier Parish Police Department, the Bossier Parish District Attorney, the Bossier Parish Sheriffs Department, and the Federal Bureau of Investigation as defendants.

On May 15, 2012, Judge Elizabeth Erny Foote recused herself from this matter and referred the case to the Chief Judge for reassignment. On May 17, 2012, the Clerk of Court updated Plaintiff's address. On May 22, 2012, this matter was reassigned to Judge Tom Stagg. However, the order and minute entry were returned to this Court on June 15, 2012 by the United States Postal Service marked "RETURN TO SENDER-No longer in our jail." To date, Plaintiff has not informed this Court of his new address.

Accordingly;

**IT IS RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket.  See Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386 (1962); Rogers v. Kroger Company, 669 F.2d 317, 320-321 (5th Cir. 1983).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this 27th day of August, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE